IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ENCOMPASS GROUP, L.L.C., a
Delaware Limited Liability
Corporation,

      Plaintiff,

   v.

DONALD JOHN EVANS, an
individual,

      Defendant.
_____/

No. 2:08-CV-00306-JAM-GGH

ORDER GRANTING MOTION TO
DISMISS

    Encompass Group, L.L.C. ("Encompass"), brought this action
against Donald John Evans ("Evans") for breach of contract,
intentional interference with prospective economic advantage,
misappropriation of trade secrets, unfair competition, and
unjust enrichment.  Evans now moves to dismiss the complaint
under Rule 12(b)(1) for lack of diversity jurisdiction and under
Rule 12(b)(6) for failure to state a claim upon which relief may

be granted.   For the reasons stated below, the motion to dismiss is GRANTED.[1]

FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Encompass is a limited liability corporation organized under the laws of Delaware.  Cmplt. ¶ 1.  Encompass' principal place of business is located in McDonough, Georgia.  Id. Encompass manufactures and markets equipment for the healthcare industry.  Id. ¶ 5.  On May 1, 2002, Encompass hired Evans as a Sales Representative.  Id. ¶ 8.  On January 1, 2003, Evans was promoted to Regional Manager.  Id.  On June 2, 2003, Evans entered into an employment agreement ("Agreement") with Encompass.  Id. ¶ 12.  Amongst other things, Evans agreed, with certain geographical and other limitations, not to disclose Encompass' confidential information and not to compete with Encompass for a period of one year at a competing organization. Id. ¶¶ 13-14.   The Agreement contained a provision stating that it would be governed by the laws of the State of Georgia.  Id. ¶ 15.

On August 31, 2005, Evans voluntarily terminated his employment with Encompass.  Id. ¶ 16.  Encompass alleges that Evans engaged in numerous attempts to compete directly with Encompass using its confidential information in violation of the

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 78-230(h).

Agreement.  Id. ¶¶ 17-33.  On February 7, 2008, Encompass filed a complaint against Evans.  Docket at 1.  On March 6, 2008, Evans filed his motion to dismiss.  Docket at 6.

OPINION

Rule 12(b)(1) permits a complaint to be dismissed for lack of subject-matter jurisdiction.  This matter is before the Court based on the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332.  However, Evans argues that because Encompass' principal place of business is in California, it does not enjoy complete diversity with Evans, a California resident.

Encompass is a limited liability company (LLC) organized under the laws of the State of Delaware.  Encompass' principal place of business is located in Georgia.  Both Plaintiff and Defendant cite various tests for determining citizenship of a corporation for diversity jurisdiction purposes.  However, the Ninth Circuit has stated:

> Notwithstanding LLCs' corporate traits, however, every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction. …
> We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.

Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).  Therefore, because it is an LLC, Encompass must allege complete diversity of citizenship of all of its owners and/or members.  Accordingly, because Plaintiff has not sufficiently alleged the basis for diversity jurisdiction, its Complaint must be dismissed.  Because the Court is dismissing

the Complaint based on Rule 12(b)(1), it need not consider

Defendant's 12(b)(6) motion.

ORDER

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED.  Plaintiff has twenty (20) days from service of this Order to amend its Complaint.


IT IS SO ORDERED.

Date: August 13, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

4